IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON MAYO, | ) | |
| | ) | Civil Action No. 15-270 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| KENNETH CAMERON, et. al., | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

**BRIEF IN SUPPORT OF DOC DEFENDANTS' MOTION TO DISMISS**

**I.      STATEMENT OF THE CASE**

Plaintiff, Shannon Mayo, inmate number KJ-6148, is a *pro se* inmate currently in the custody of the Pennsylvania Department of Corrections ("DOC") in the State Correctional Institution ("SCI") at Houtzdale.

Plaintiff initiated this lawsuit by filing a Complaint on November 13, 2015, in which he claims that he was denied adequate medical care and was precluded from purchasing a particular crucifix. In addition to DOC staff and personnel, Plaintiff has named several medical defendants who are not represented by the Attorney General's Office.

For the reasons explained in greater detail below, it is respectfully requested that Plaintiff's claims against the DOC Defendants be dismissed.

**II.      STANDARD OF REVIEW**

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. See also Sheridan v. NGK Metals Corp., 609 F.3d 239,

262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. See Connelly v. Lane Const. Corp., No. 14-3792, 2016 WL 106159, at *3-4 (3d Cir. Jan. 11, 2016). A complaint must "show" such an entitlement with its facts. Iqbal, 556 U.S. at 678-79. See Connelly, 2016 WL 106159, at *3-4; Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010); Phillips v. County of Allegheny, 515 F. 3d 224, 234-235 (3d Cir. 2008).

### III.   DISCUSSION

A.  Plaintiff's Complaint should be dismissed because Plaintiff's has failed to establish the Defendants' personal involvement.

In order to be liable under § 1983, the allegations in a complaint must demonstrate that a defendant was personally involved in or had actual knowledge of and acquiesced to the

commission of the wrongdoing.  See Rizzo v. Goode, 423 U.S. 362 (1976).  This personal involvement requirement has long been established in the Third Circuit and was reaffirmed in Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005); See Rode v. Dellarciprete, 845 F.2d 1995, 1207 (3d Cir. 1988).

The Third Circuit held in Evancho that the mere hypothesis that an official is personally involved in complained of conduct "simply because of his [supervisory] position" is an insufficient basis for finding § 1983 liability.  See Evancho, 423 F.3d at 354 (allegations of personal liability on the part of the state Attorney General were insufficient where plaintiff did not specifically allege that the A.G. ordered the acts of his "underlings," or had acquiesced to those acts with contemporaneous knowledge of them).  To impose liability on a supervisory official there must be "**both** (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's assertion could be found to have communicated a message of approval to the offending subordinate."  Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989) (emphasis added).

Involvement in the grievance and or misconduct appeal process does not demonstrate the actual knowledge necessary for personal involvement.  See Rode v. Dellarciprete, 845 F.2d at 1208 (the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement); Watkins v. Horn, 1997 WL 566080, *4 (E.D.Pa. 1997) (concurrence in an administrative appeal process insufficient); Garfield v. Davis, 566 F.Supp. 1069, 1074 (E.D.Pa. 1983) (affirmation of a Program Review Committee decision insufficient).  This principle continues to be actively applied in the District Courts of Pennsylvania, including the Western District.  See Jefferson v. Wolfe, 2006 WL 1947721, *17 (W.D.Pa. July 11, 2006)

3

(Slip).  See also Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, *2 (M.D.Pa. July 27, 2006) (Slip) ("the review and denial of the grievance and subsequent administrative appeal conducted does not establish personal involvement by those defendants in the alleged underlying unconstitutional conduct").

Here, Defendants Cameron, Chencharick, Baughman, Moore, Moore, Sawtelle, West and Varner are all named due to their participation in the grievance process. (EC F No. 5 at ¶¶ 1-7; 12-13; 33-44; 76-83; 85; 92-94; 99, 101).  Based on the law above, it is clear that participating in the grievance process falls short of the requirements necessary to establish the Defendants' personal involvement in the alleged wrongdoing.  Therefore, since Plaintiff has failed to establish these Defendants' personal involvement, it is respectfully requested that claims against these Defendants be dismissed and that Defendants Cameron, Chencharick, Baughman, Moore, Moore, Sawtelle, West and Varner be terminated from the docket.

**B. Defendant Wojuola should be dismissed because Plaintiff has not alleged a claim against him.**

The only time Defendant Wojuola's name appears in the Complaint is in the "Defendant" section where Plaintiff names and briefly describes the Defendants' positions within the DOC. In this section, Plaintiff asserts that Defendant "Wajuola (sic) is the facility chaplaincy program director at SCI-Houtzdale … is legally responsible to supervise all religious department staff, whether a department employee, a religious contract service provider, vendor, volunteer or public visitor and to monitor, schedule and coordinate all permitted religious services, activities and programs within the facility in concert with security … ." (ECF No. 5 at ¶ 8).  This is the only time that Defendant Wojuola's name appears in the Complaint.

Accordingly, since Plaintiff has not brought forth a claim against this Defendant, it is respectfully requested that Defendant Wojuola be dismissed from the instant Defendant and terminated from the docket.

**C. Plaintiff has failed to state a cognizable RLUIPA claim.**

It appears that Plaintiff is attempting to state a claim against Defendant Sawtelle under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-l(a)(l)-(2), because he was not permitted to purchase a particular crucifix. (ECF No. 5 at ¶¶ 34-35).

"RLUIPA prohibits the government from imposing a substantial burden on any religious exercise of a person residing in or confined to an institution unless the burden furthers 'a compelling governmental interest,' and does so by 'the least restrictive means.'" (internal citations omitted) Holman v. Hogue, No. CIV.A. 11-1269, 2013 WL 941801, at *5 (W.D. Pa. Feb. 15, 2013), report and recommendation adopted, No. CIV.A. 11-1269, 2013 WL 941614 (W.D. Pa. Mar. 11, 2013); see also Cutter v. Wilkinson, 544 U.S. 709, 2114, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). In order to set forth a plausible claim pursuant to RLUIPA, "[a] plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion." Id., *citing* Washington v. Klem, 497 F.3d 272, 278 (3d Cir.2007). In the context of an RLUIPA claim, "a substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." Washington v. Klem, at 280. RLUIPA also does not confer any "privileged status on any

5

particular religious sect, and singles out no bona fide faith for disadvantageous treatment." Cutter, 544 U.S. at 724; Holman v. Hogue, at *5.

Here, Plaintiff has not presented any facts that demonstrate an imposition of a "substantial burden" on Plaintiff's "religious exercise" see Holman v. Hogue, *supra*. Rather, Plaintiff is unhappy with his inability to purchase a particular crucifix. (ECF No. 3 at ¶¶ 34-40). As explained in the grievance that Plaintiff submitted on this issue, attached hereto as Exhibit 1[1], Plaintiff was not permitted to order a Catholic crucifix because his religious preference is Protestant (Baptist). According to the applicable DOC Policy cited in the grievance response, DC-ADM 819, § 3[2], "[s]acred objects are only to be ordered and possessed by inmates who *profess and practice the faith associated with the sacred objects*." Id. at § 3(f) (emphasis added). The available sacred objects that inmates of the Christian faith can purchase are attached hereto as Exhibit 3. The items are separated based on the different sects within Christianity. Since Plaintiff identifies as a "Baptist," which falls within the Protestant sect of Christianity, he is permitted to order items described under "Christian-Protestant." (Exhibit 1).

---

[1] In deciding a motion to dismiss, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' Pension Benefit Guard. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The United States Court of Appeals for the Third Circuit, however, has recognized an exception to the general rule finding that 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted). See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir.2007). Thus, court may consider 'undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s].' Pension Benefit Guard. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, 'documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered.' Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.2002) (citation omitted)." See Hammond v. SCI Albion/DOC, 2013 WL 3776584 at *3 (W.D. Pa. July 17, 2013).

[2] DC-ADM 819, in its entirety, is available at: http://www.cor.pa.gov/Administration/Documents/DOC%20Policies/819%20Religious%20Activites%20Policy.pdf. The relevant portion is attached hereto as Exhibit 2.

Accordingly, to the extent Plaintiff is asserting an RLUIPA claim, he has failed to state such a claim because he has not demonstrated the existence of a "substantial burden" on his ability to practice his religion. Therefore, it is respectfully requested that this claim be dismissed.

### D. Plaintiff has failed to state a claim pertaining to mail.

In his Complaint, Plaintiff asserts that his constitutional rights were violated when his "privileged" outgoing mail was returned to him, opened. (ECF No. 5 at pp. 10-11). Following this incident, Plaintiff filed Grievance # 571397, attached hereto as Exhibit 4, in which it was explained to him that mail sent to "Centurion Ministries does not meet the definition of privileged mail per DC-ADM 803[3]." (Exhibit 4, Initial Review Response). Since the letter in question did not have the necessary postage on it, it was returned and appropriately inspected by the mailroom staff, since it was not privileged mail. Pursuant to DOC Policy, and as reiterated in the response to Plaintiff's grievance, "[a]ll incoming correspondence, other than privileged correspondence shall be opened ion the facility's mailroom by staff and inspected for contraband … ." (Id.). Since Plaintiff was not mailing out privileged correspondence, the opening of this letter did not implicate Plaintiff's constitutional rights. Accordingly, to the extent Plaintiff is attempting to state a claim pertaining to mail, he has failed to do so since the letter in question was not a privileged correspondence as defined in DC-ADM 803.

---

[3] Available in full at: http://www.cor.pa.gov/Administration/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf. The relevant portion is attached hereto as Exhibit 5.

WHEREFORE, it is respectfully requested that the instant Motion to Dismiss be granted.

                Respectfully submitted,

                BRUCE L. CASTOR
                Solicitor General, Office of Attorney General

By:   /s/ Yana L. Warshafsky
        YANA L. WARSHAFSKY
        Deputy Attorney General
        PA ID. #312915

        BRUCE R. BEEMER
        First Deputy Attorney General

        ROBERT A. MULLE
        Executive Deputy Attorney General, Litigation Section

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue, Manor Complex
Pittsburgh, PA 15219

Date:  April 25, 2016

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the within **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was electronically filed with the Court and served upon the following by first class mail:

SHANNON MAYO
KJ-6148
SCI Houtzdale
209 Institution Drive
Houtzdale, PA 16698-1000

/s/ Yana L. Warshafsky
Yana L. Warshafsky
Deputy Attorney General

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219


Date:   April 25, 2016