**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANNON MAYO, | ) | |
| | ) | Civil Action No. 15-270 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| KENNETH CAMERON, et. al., | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

**BRIEF IN SUPPORT OF DOC DEFENDANTS' MOTION TO DISMISS**

**I.        STATEMENT OF THE CASE**

Plaintiff, Shannon Mayo, inmate number KJ-6148, is a *pro se* inmate currently in the custody of the Pennsylvania Department of Corrections ("DOC") in the State Correctional Institution ("SCI") at Houtzdale.

Plaintiff initiated this lawsuit by filing a Complaint on November 13, 2015, in which he claims that he was denied adequate medical care and was precluded from purchasing a particular crucifix. In addition to DOC staff and personnel, Plaintiff has named several medical defendants who are not represented by the Attorney General's Office.

Since the initiation of this lawsuit, Plaintiff was represented by pro bono counsel, with whom he has subsequently severed his relationship. (ECF No. 74). Since then, Plaintiff has submitted yet another Complaint, comprised of 364 paragraphs, against the following DOC Defendants: Wojuola and Sawtelle. The remaining identified Defendants are not represented by undersigned counsel. In his most recent Complaint, Plaintiff continues to pursue an RLUIPA Claim, First Amendment Claim and a Fourteenth Amendment claim against the two DOC Defendants arising out of his inability to purchase a particular crucifix. (ECF No. 90, at ¶¶ 9-47).

For the reasons explained in greater detail below, it is respectfully requested that Plaintiff's claims against the DOC Defendants be dismissed.

## II.        STANDARD OF REVIEW

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. See also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

See Connelly v. Lane Const. Corp., No. 14-3792, 2016 WL 106159, at *3-4 (3d Cir. Jan. 11, 2016).

A complaint must "show" such an entitlement with its facts. Iqbal, 556 U.S. at 678-79. See

Connelly, 2016 WL 106159, at *3-4; Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir.

2010); Phillips v. County of Allegheny, 515 F. 3d 224, 234-235 (3d Cir. 2008).

### III.   DISCUSSION

**A.  Plaintiff has failed to state a cognizable RLUIPA claim.**

It appears that Plaintiff is attempting to state a claim against the DOC Defendants under

the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-

l(a)(l)-(2), because he was not permitted to purchase a particular crucifix. (ECF No. 90, at Counts

I and II).

"RLUIPA prohibits the government from imposing a substantial burden on any religious

exercise of a person residing in or confined to an institution unless the burden furthers 'a

compelling governmental interest,' and does so by 'the least restrictive means.'" (internal citations

omitted) Holman v. Hogue, No. CIV.A. 11-1269, 2013 WL 941801, at *5 (W.D. Pa. Feb. 15,

2013), report and recommendation adopted, No. CIV.A. 11-1269, 2013 WL 941614 (W.D. Pa.

Mar. 11, 2013); see also Cutter v. Wilkinson, 544 U.S. 709, 2114, 125 S.Ct. 2113, 161 L.Ed.2d

1020 (2005).  In order to set forth a plausible claim pursuant to RLUIPA, "[a] plaintiff-inmate

bears the burden to show that a prison institution's policy or official practice has substantially

burdened the practice of that inmate's religion." Id., *citing* Washington v. Klem, 497 F.3d 272,

278 (3d Cir.2007).  In the context of an RLUIPA claim, "a substantial burden exists where: 1) a

follower is forced to choose between following the precepts of his religion and forfeiting benefits

otherwise generally available to other inmates versus abandoning one of the precepts of his religion

in order to receive a benefit; or 2) the government puts substantial pressure on an adherent to

3

substantially modify his behavior and to violate his beliefs." Washington v. Klem, at 280. RLUIPA also does not confer any "privileged status on any particular religious sect, and singles out no bona fide faith for disadvantageous treatment." Cutter, 544 U.S. at 724; Holman v. Hogue, at *5.

Here, Plaintiff, who identifies as a Protestant/Baptist, sought to purchase a crucifix previously identified as a religious accoutrement of the Catholic faith. (ECF No. 90, at ¶¶ 9-47). Plaintiff does not indicate that he sought to make this purchase for a specific religious purpose. In fact, Plaintiff has not stated any reason for his wishes to own a Catholic crucifix when he identifies as a Protestant, other than to replace an item which was previously (allegedly) stolen. (Id.).

Initially, to the extent Plaintiff is asserting an RLUIPA claim against either of the two DOC Defendants, in their individual capacities, it must dismissed because RLUIPA does not permit actions against government employees in their individual capacities.  Sharp v. Johnson, 669 F.3d 144, 153–55 (3d Cir. 2012).  Further, based on the allegations in the Amended Complaint, no violation of RLUIPA is stated because Plaintiff has not alleged that the challenged DOC policy has "substantially burdened the practice of that inmate's religion." Holman v. Hogue, at *5 (emphasis added).  Specifically, Plaintiff has not alleged how the DOC policy, which precluded his purchase of an artifact utilized by the Catholic faith, substantially burdened his practice as a Protestant or Baptist.  Critically, even accepting his allegations as true, he has neither demonstrated nor alleged that he was forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates, versus abandoning one of the precepts of his religion in order to receive a benefit or the DOC policy required him to substantially modify his behavior and to violate his beliefs as a Protestant or Baptist.

Notwithstanding the foregoing, Plaintiff's present RLUIPA claim is moot in light of the Department's updated "Religious Articles Catalog," effective 5/12/2016,[1] which no longer restricts an individual inmate's ability to purchase a sacred item that is part of a different religion, with a few exceptions none of which pertain to Plaintiff.

Accordingly, since Plaintiff is only seeking injunctive relief, the RLUIPA claim is moot in light of the fact that since May of 2016, Plaintiff has been able to purchase the desired crucifix.

### B.  Plaintiff has failed to state a First Amendment Claim.

Plaintiff asserts that that both of the DOC Defendants violated Plaintiff's First Amendment right to practice his religion freely when he denied him the opportunity to purchase a Catholic Crucifix. (ECF No. 90, at Counts III & IV).

This Court previously wrote that,

> [t]he Free Exercise Clause of the First Amendment is not a general protection of religion or religious belief. It has a more limited reach of protecting only the *free exercise* of religion. Parms v. Harlow, 2012 WL 4540275, at *6 (W.D.Pa. Sept.11, 2012). In Employment Div., Dept. Of Human Resources of Oregon v. Smith, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), the Supreme Court noted that the "free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires." 494 U.S. at 877. As a result, the government may not, for example, (1) compel affirmation of religious beliefs; (2) punish the expression of religious doctrines it believes to be false; (3) impose special disabilities on the basis of religious views or religious status; or (4) lend its power to one side or the other in controversies over religious authorities or dogma. Id.

Thompson v. Ireland, No. CA 13-150, 2014 WL 4187088, at *5 (W.D. Pa. Aug. 21, 2014).

Here, Plaintiff asserts that he follows the Protestant faith. (ECF No. 90, at ¶ 15, 17).  As such, during the relevant time, he was permitted to purchase items that comported with his selected

---

[1] DC-ADM 819, § 3 (Attachment 3-A), attached hereto as Exhibit 1.

religion – Protestantism. However, Plaintiff desired to buy a crucifix that, at the time, was only permitted to be purchased by inmates who identified as Catholics. (ECF No. 90, at ¶ 22).  The DOC Defendants respectfully submit that Plaintiff's inability to purchase a religious item that is not affiliated with his own sect of Christianity does not demonstrate an inhibited "right to believe and profess whatever religious doctrine one desires." See Thompson v. Ireland, *supra*. In fact, nowhere in the Complaint does Plaintiff assert that his ability to freely practice his religion was inhibited by the lack of this particular crucifix. Finally, it is submitted that Plaintiff had two other crosses from which inmates that identify as Protestants could choose. (Grievance # 489308, attached hereto as Exhibit 2).[2]

Accordingly, it is respectfully requested that Plaintiff's First Amendment claim be dismissed as Plaintiff has failed to state a plausible freedom of religion claim. Moreover, it is respectfully submitted that Plaintiff's request for injunctive relief is moot as Plaintiff is permitted to purchase religious items that pertain to religions other than the one with which he identifies. Finally, to the extent Plaintiff is seeking monetary damages, it is respectfully submitted that pursuant to the PLRA –even if he were to prevail– Plaintiff would only be entitled to $1, as he has

---

[2] In deciding a motion to dismiss, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' Pension Benefit Guard. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The United States Court of Appeals for the Third Circuit, however, has recognized an exception to the general rule finding that 'a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted). See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir.2007). Thus, court may consider 'undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s].' Pension Benefit Guard. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, 'documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered.' Pryor v. Nat'l Collegiate Athletic Ass'n,, 288 F.3d 548, 560 (3d Cir.2002) (citation omitted)." See Hammond v. SCI Albion/DOC, 2013 WL 3776584 at *3 (W.D. Pa. July 17, 2013).

not sustained any physical injury as a result of the alleged constitutional violation. <u>See</u> 42 U.S.C.A.
§ 1997e, et. seq.

### C. Plaintiff has failed to state a Fourteenth Amendment Equal Protection Claim.

Plaintiff asserts that the DOC Defendants' denial of Plaintiff's request to purchase a
Catholic Crucifix violated his rights under the Equal Protection Clause of the Fourteenth
Amendment. (ECF No. 90, at Counts V & VI).

Unquestionably, "[t]he Equal Protection Clause guarantees, in its concern for equality, that
people who are similarly situated will be treated similarly." <u>See</u> <u>Foxworth v. Pennsylvania State</u>
<u>Police</u>, 402 F.Supp.2d 523, 546 (E.D.Pa. 2005)(*citing* <u>Cleburne v. Cleburne Living Center, Inc.</u>,
473 U.S. 432, 439 (1985)). As this Court has cogently observed:

> The Equal Protection Clause provides that no state shall 'deny to
> any person ... the equal protection of its laws.' U.S. Const. Amend.
> XIV, § 1. All persons 'similarly situated should be treated alike.'
> <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439, 105
> S.Ct. 3249, 87 L.Ed.2d 313 (1985); <u>Artway v. New Jersey</u>, 81 F.3d
> 135, 1267 (3d Cir.1996). 'Treatment of dissimilarly situated persons
> in a dissimilar manner by the government does not violate the Equal
> Protection Clause.' <u>Klinger v. Department of Corrections</u>, 31 F.3d
> 727, 731 (8th Cir. 1994).

<u>Rivers v. McConnell</u>, 2008 WL 859025, *9-*10 (W.D.Pa. 2008).  In order for Plaintiff to state a
claim for an equal protection violation, he has the burden of proving the existence of purposeful
discrimination. <u>Hernandez v. New York</u>, 500 U.S. 352, (1991); <u>McCleskey v. Kemp</u>, 481 U.S.
279, 292 (1987).  According to this Court, "[o]fficial action does not violate the Equal Protection
Clause solely because it results in a disproportionate impact; proof of discriminatory intent or
purpose is required to show a violation." <u>Walker v. Campbell</u>, 2011 WL 6153104 (W.D. Pa. Oct.
31, 2011) <u>report and recommendation adopted</u>, 2011 WL 6176808 (W.D. Pa. Dec. 9, 2011); <u>See</u>
<u>also</u> <u>Village of Arlington Heights v. Metropolitan Housing Development Corp.</u>, 429 U.S. 252, 265

(1977); <u>Washington v. Davis</u>, 426 U.S. 229, 239 (1977); <u>Stehney v. Perry</u>, 101 F.3d 925, 938 (3d Cir.1996).  Discriminatory purpose implies more than intent as volition or intent as awareness of consequences. It implies that the decision-maker selected a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group. <u>Hernandez</u>, 500 U.S. at 360. An inmate must offer evidence specific to his own case that would support an inference that unlawful considerations played a part in the adverse decision. <u>McCleskey</u>, 481 U.S. at 293.

Here, Plaintiff has not provided any evidence to support his claim of discrimination. There are no allegations that the DOC Defendants treated other inmates differently from Plaintiff, nor are there specific facts (or any facts, for that matter) to demonstrate any purposeful discrimination (or any discrimination, at all). Plaintiff has made no mention of any other inmates who – at the relevant time – when requesting to purchase a religious item that was not affiliated with their particular religion, were permitted to do so, while Plaintiff was not.

Therefore, it is respectfully submitted that Plaintiff's attempt at imposing liability on the DOC Defendants for violating his rights under the Fourteenth Amendment falls short of the pleading requirements set forth in <u>Iqbal</u> and <u>Twombly</u>, *supra*, since here, Plaintiff is "armed with nothing more than conclusions." <u>See Iqbal</u>, at 678-679, *supra*.

Accordingly, it is respectfully requested that Plaintiff's Fourteenth Amendment claim be dismissed as Plaintiff has failed to state an Equal Protection Claim against the DOC Defendants. Moreover, it is respectfully submitted that Plaintiff's request for injunctive relief is moot as Plaintiff is permitted to purchase religious items that pertain to religions other than the one with which he identifies. Finally, to the extent Plaintiff is seeking monetary damages, it is respectfully submitted that pursuant to the PLRA –even if he were to prevail– Plaintiff would only be entitled

to $1, as he has not sustained any physical injury as a result of the alleged constitutional violation.

See 42 U.S.C.A. § 1997e, *et. seq.*

WHEREFORE, it is respectfully requested that the instant Motion to Dismiss be granted.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:    /s/ Yana L. Warshafsky
YANA L. WARSHAFSKY
Deputy Attorney General
PA ID. #312915

KENNETH L. JOEL
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue, Manor Complex
Pittsburgh, PA 15219

Date:  November 27, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **BRIEF IN SUPPORT OF**

**DOC DEFENDANTS' MOTION TO DISMISS** was electronically filed with the Court and

served upon the following by first class mail:

SHANNON MAYO
KJ-6148
SCI Houtzdale
209 Institution Drive
Houtzdale, PA 16698-1000

/s/ Yana L. Warshafsky
Yana L. Warshafsky
Deputy Attorney General

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date:   November 27, 2017